**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**BRENDA SMITH,**

      **Plaintiff,**

**vs.**                                         **Case No. 5:04cv411-RH/WCS**

**BAY COUNTY, FLORIDA, et al.,**

      **Defendants.**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff, proceeding *pro se*, has filed an amended complaint alleging numerous claims.  Doc. 16.  Plaintiff's amended complaint presents allegations which appear to be intermingled with a state court case, case number 97-3063-CA.  *Id.*, at 5.  At the heart of this issue is a public sale of Plaintiff's property, Plaintiff's defense that her property was homestead and protected by bankruptcy proceedings, and a claim that one of the named Defendants falsely entered into Bay County public records that Plaintiff sold her land to another individual.  Doc. 16.  Plaintiff complains that an individual who is not a party to this case has trespassed on Plaintiff's land, destroyed part of the property, and that property has been taken by the County without just compensation.  Plaintiff

contends that the Clerk of Court committed negligence, that an "illegal certificate of title" was issued, and that Plaintiff's property was wrongfully taken through "an improper use of the judiciary." *Id.*  To that end, Plaintiff contends that Defendant Judge Costello improperly held a hearing even though Plaintiff objected and told the state court that Plaintiff had moved the case to federal court.  *Id.*  Through this proceeding, Plaintiff seeks to stop the taking of property she contends is hers, to be compensated for that taking, and contends that Defendant Ball is liable to her for violating the Fair Debt Practices Act in bringing a lawsuit against Plaintiff in state court in which Defendant Ball sought money "not authorized by the contract."  *Id.*

It is evident that Plaintiff's claims involve various proceedings which occurred in state court.  This Court does not have jurisdiction to either review those various court proceedings or reverse judgments which were entered.  Because any relief in this suit would necessarily challenge the judgment of a circuit court, or at least decisions of circuit court judges, this action is barred by the Rooker-Feldman doctrine.

> The *Rooker-Feldman* doctrine places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82, 103 S.Ct. 1303, 1311-15, 75 L.Ed.2d 206 (1983).  We have described the *Rooker-Feldman* doctrine as follows:

>> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts.  The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment.  A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

*Siegel v. LePore*, 234 F.3d 1163, 1172 (11th Cir.2000) (*en banc*) (citations and quotations omitted).  However, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings."  *Powell v. Powell*, 80 F.3d 464, 467 (11th Cir.1996) (quoting *Wood v. Orange County*, 715 F.2d 1543, 1547 (11th Cir.1983)).

Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  Here, Plaintiff's amended complaint sets forth that the judiciary was "a tool of extortion" in taking Plaintiff's property.  Doc. 16, p. 4.  Plaintiff contends that Circuit Judge Costello conspired with Defendant Ball in selling Plaintiff's land and in the foreclosure.  *Id.*, at 5.  All of Plaintiff's claims involve those state court proceedings and attack the results in those cases.  This Court lacks jurisdiction to review any of those proceedings.  Any relief which may be provided to Plaintiff must come through Florida's court system.

Furthermore, Plaintiff has named a circuit court judge as a Defendant in this case.  Plaintiff was previously informed that a judge is entitled to absolute immunity for damages under § 1983 unless he or she acts in the "clear absence of all jurisdiction."  Stump v. Sparkman, 435 U.S. 349, 355-357, 98 S. Ct. 1099, 1104-05, 55 L. Ed.2d 331 (1978); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986).  The absence of jurisdiction does not mean in excess of authority.  Rather it is when the acts of the judge are purely private and non-judicial.  Henzel v. Gerstein, 608 F.2d 654, 658 (5th Cir. 1980).  Plaintiff's complaint against Defendant Costello is based on judicial rulings and these claims are barred.

Additionally, Defendant Angela Ball is not a state actor but is only a private attorney.  This Defendant is not liable under § 1983 because she is not acting on behalf of the State.  Furthermore, Defendant Bay County is not liable for the actions of its

officers as *respondeat superior* is not available as a basis for the liability for violations of the federal constitution pursuant to 42 U.S.C. § 1983.  Monell v. New York City Department of Social Services, 436 U.S. 658, 694, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978); City of St. Louis v. Praprotnik, 485 U.S.915, 108 S.Ct. 915, 923, 99 L.Ed.2d 107 (1988) and cases cited.  A municipality may be held liable pursuant to § 1983 only for acts which the municipality itself has officially sanctioned or ordered.  Praprotnik, 108 S.Ct. at 924.  In other words, a plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged."  Board of County Com'rs v. Brown, 520 U.S. 397, 404, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997).  Plaintiff has presented no claims against the County which are the result of actions taken pursuant to policy, custom, or law and, thus, this case cannot proceed against that Defendant.

The final Defendant named here is Bay County Property Appraiser Rick Barnette. Plaintiff's only allegations against this Defendant is that he entered into the public records that Plaintiff sold her land to another person for $70,000.  Plaintiff contends she did not do so and that this Defendant did not obtain Plaintiff's "consent to use her name."  Plaintiff also asserts that this Defendant allowed another individual to "combine Plaintiff's land with his land, illegally, and place it on his government computer.  At the same time Bay County Property Appraiser records showed plaintiff owned this land." Doc. 16, pp. 7 and 9.  Plaintiff has not shown the violation of a federal constitutional right.  Plaintiff's challenge to the Property Appraiser's actions are intertwined with her claims concerning the ownership of her property.  Those claims were resolved against

Plaintiff in the state court case.  The claims against this Defendant are frivolous and should be dismissed.

Plaintiff has failed to state a claim upon which relief may be granted.  Plaintiff's claims are, moreover, barred by the Rooker-Feldman doctrine and this Court lacks jurisdiction to overturn rulings made in the state courts of Florida.  Should Plaintiff desire to challenge any of those various decisions, her avenue of relief is in Florida's appellate courts, not this Court.  This case should be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 16, be **DISMISSED** *sua sponte* for failure to state a claim upon which relief may be granted, for lack of subject matter jurisdiction, and because Plaintiff's claims are barred by the Rooker-Feldman doctrine.

**IN CHAMBERS** at Tallahassee, Florida, on March 15, 2005.


**s/    William C. Sherrill, Jr.**
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**